UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 11-03617 SJO (RZx)   DATE: November 17, 2011

TITLE: Norma Rothman v. General Nutrition Corp., et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                    Not Present
Courtroom Clerk                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                          Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING MOTION TO CERTIFY CLASS** [Docket No. 25];

This matter is before the Court on Plaintiff Norma Rothman's ("Plaintiff") Motion to Certify Class ("Motion"), filed September 29, 2011. Defendant General Nutrition Corporation ("Defendant") filed an Opposition ("Opposition")[1], to which Plaintiff submitted a Reply ("Reply"). The Court found the matter suitable for disposition without oral argument and vacated the hearing set for November 14, 2011. See Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion is **DENIED**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 2011, Plaintiff filed a Complaint in Los Angeles Superior Court against Defendant. The Complaint alleged violations of California Civil Code section 1747.08 (the Song-Beverly Credit Card Act) and California Business and Professions Code section 17200. (See generally Compl., ECF No. 1.) Plaintiff alleged that she purchased items from Defendant's store, using her credit card as payment. (Compl. ¶ 22.) She alleged that Defendant "requested and/or required Plaintiff to provide her ZIP code" in connection with the credit card transaction. (Compl. ¶ 22.) Plaintiff alleged, on information and belief, that Defendant recorded her ZIP code information in its computer. (Compl. ¶ 22.) Plaintiff sought to represent a class defined as: "All persons who engaged in a credit card transaction during the last four (4) years at one of Defendants' retail stores located in the State of California, and who was requested or required to provide personal identification information at the time of the credit card transaction." (Compl. ¶ 11.) The Complaint sought statutory penalties, injunctive relief, restitution, attorneys' fees, and costs. (Compl. 11-12.)

---

[1] Defendant's Opposition exceeded the 20-page limit in the Court's Initial Standing Order. (Initial Standing Order ¶ 19, May 3, 2011, ECF No. 4.) The Court has only considered the first 20 pages of Defendant's Opposition.

MINUTES FORM 11                                              __:__
CIVIL GEN                       Page 1 of 9           Initials of Preparer ____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 11-03617 SJO (RZx)</u>    DATE:  <u>November 17, 2011</u>

On April 27, 2011, Defendant removed the case to federal court, citing the Class Action Fairness Act as the basis for the Court's jurisdiction. (*See generally* Not. of Removal, ECF No. 1.) On May 27, 2011, Plaintiff filed a First Amended Complaint ("FAC"), dropping the Business and Professions Code claim and limiting the class to persons who had engaged in a credit card transaction during the **one** year prior to the filing of the action. (*See generally* FAC, ECF No. 7; FAC ¶ 11.) The FAC also dropped the claims for injunctive relief. (*See generally* FAC.)

On June 29, 2011, Plaintiff filed a Second Amended Complaint ("SAC"), which is the operative complaint. The SAC provided the precise date on which Plaintiff purchased items from Defendant (SAC ¶ 22, ECF No. 18), but otherwise appears to be unchanged from the FAC.

Plaintiff now seeks to certify the class of "All persons who engaged in a credit card transaction during the last one (1) year at one of Defendants' retail stores located in the State of California, and who was requested or required to provide personal identification information at the time of the credit card transaction." (SAC ¶ 11; *see generally* Mot.)

II.    <u>DISCUSSION</u>

   A.    <u>The Song-Beverly Credit Card Act</u>

The Song-Beverly Credit Card Act (the "Act") was intended to stop businesses from gathering and storing unnecessary personal information from their consumers. Under the Act, corporations may not "request or require" any "personal identification information" from a consumer "as a condition to accepting the credit card as payment in full or in part for goods or services" and then cause that personal identification information to be "written, or otherwise record[ed]." Cal. Civ. Code § 1747.08. The Act specifies that "personal identification information" includes the cardholder's address and telephone number. Cal. Civ. Code § 1747.08(b).

The Act provides certain exceptions. For instance, businesses are permitted to record personal information "[i]f personal identification information is required for a special purpose incidental but related to the individual credit card transaction, including but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders." Cal. Civ. Code § 1747.08(c)(4). Furthermore, nothing in the Act prohibits corporations from obtaining personal information from consumers who provide their information voluntarily. *Florez v. Linens 'N Things, Inc.*, 108 Cal. App. 4th 447, 451 (2003).

The California Legislature passed the Act to address two important privacy concerns. First, corporations were needlessly storing consumer information and using it for their own marketing purposes or selling the information to other marketers. *See Florez*, 108 Cal. App. 4th at 452. Second, store clerks who obtained customers' personal information engaged in acts of harassment and violence. *Id.* at 452. The Act provides for statutory civil penalties not to exceed $250 for the first violation and $1000 for each subsequent violation. Cal. Civ. Code § 1747.08(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 11-03617 SJO (RZx)            DATE:  November 17, 2011

As originally drafted, the Act only prohibited corporations from **requiring** personal information as a condition of a credit card payment.  Amendments enacted in 1991 added the word "request" to the statute, making it illegal to either require **or request** personal information as a condition for a credit card transaction, and then to record that information.  *Florez*, 108 Cal. App. 4th at 450-51. The amendment was intended to close a loophole whereby the clerk engaging in the credit card transaction asks for the personal information instead of demanding it, allowing the corporation to assert a defense that the personal information was furnished voluntarily.  *Id.* at 453.  The pertinent inquiry is whether the customer perceives the request as a condition for completing the credit card transaction.  *Id.* at 451-53.

In 2008, a California appellate court held that for the purposes of the Act, "personal identification information" did not include ZIP codes.  *Party City Corp. v. Superior Court*, 169 Cal. App. 4th 497, 519-20 (2008).  The California Supreme Court rejected that holding in *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524 (2011), holding that ZIP codes are "personal identification information" under the Act.  This decision was handed down on February 10, 2011.  Plaintiff filed this action on March 16, 2011.  The SAC alleges that during a transaction on May 17, 2010, Defendant "requested and/or required" Plaintiff to provide her ZIP code during a credit card transaction.  (SAC ¶ 22.)

    B.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 23(a) provides that a class action is only appropriate if four prerequisites are met: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  Even if all of these prerequisites - numerosity, commonality, typicality, and adequacy of representation - are satisfied, the court must then determine whether the class action is maintainable under Rule 23(b).  Rule 23(b)(3), which Plaintiff argues is applicable here (Mot. 11-13), permits the maintenance of a class action if "the questions of law or fact common to the class members **predominate** over any questions affecting only individual class members, and [] a class action is **superior** to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3) (emphases added).

When considering whether a class action is superior to other available methods, courts are instructed to consider the four factors laid out in Rule 23(b)(3):

    (A)    the class members' interests in individually controlling the prosecution or defense of separate actions;

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 11-03617 SJO (RZx)          DATE: November 17, 2011

    (B)    the extent and nature of any litigation concerning the controversy already begun by or against class members;
    (C)    the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
    (D)    the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

A party seeking to certify a class may not merely rest on her pleadings. Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule - that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, --- U.S. ---, 131 S. Ct. 2541, 2551 (2011) (emphasis in original). "[A]ctual, not presumed conformance with Rule 23(a) remains . . . indispensable." *Gen. Tel. Co. of SW v. Falcon*, 457 U.S. 147, 160 (1982). The trial court is expected to engage in a "rigorous analysis" to determine if the prerequisites of Rule 23(a) have been satisfied. *Dukes*, 131 S. Ct. at 2251 (quoting *Falcon*, 457 U.S. at 161). This rigorous analysis will often "overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Dukes*, 131 S. Ct. at 2251.

    C.    Class Certification

        1.    Definition of the Class

Defendant argues that the class, as defined by Plaintiff, is overbroad, as many of the members of the class would not have suffered a violation of the Act. (Opp'n 6.) Defendant points out that the Act has a number of exceptions - businesses are permitted to ask for and record personal information (including ZIP codes) if it is required for shipping or delivery. Cal. Civ. Code § 1747.08(c)(4). Furthermore, customers may voluntarily offer their personal information. Defendant has a customer loyalty program called the "Gold Card" program. (Decl. of Paul Katz in Supp. of Opp'n to Mot. ("Katz Decl.") ¶¶ 3-4.) The Gold Card program is voluntary. (Katz Decl. ¶ 4.) When customers sign up for the Gold Card program, they supply their full name, mailing address, email address and phone number so that they can receive special pricing and discounted products, and promotional and marketing materials provided by Defendant. (Katz Decl. ¶ 4.) Defendant estimates that approximately 40% of customer purchases are made by customers who are enrolled in the Gold Card program. (Katz Decl. ¶ 3.)

Although Plaintiff was not a member of the Gold Card program and there is nothing in the record to suggest that her address was requested as part of a delivery or for shipping purposes, her proposed class would include customers who do fall into these exceptions. Plaintiff's proposed class includes individuals who voluntarily gave Defendant their personal information to join the Gold Card program and individuals from whom Defendant requested personal information for the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 11-03617 SJO (RZx)        DATE: November 17, 2011

purpose of shipping or delivering goods. These individuals have not suffered a violation of the Act, and are not proper members of a class seeking redress for violations of the Act.

More fundamentally, the proposed class definition does not even limit the class to individuals whose personal information was **recorded** by Defendant. The Act does not prohibit companies from merely asking for personal identifying information. The Act prohibits:

(1) Request[ing], or requir[ing] as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to **write** any personal identification information upon the credit card transaction form or otherwise.

(2) Request[ing], or requir[ing] as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card **writes, causes to be written, or otherwise records** upon the credit card transaction form or otherwise.

(3) Utiliz[ing], in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for **filling in** any personal identification information of the cardholder.

Cal. Civ. Code § 1747.08(a) (emphases added). Thus, under the Act, a violation only occurs if the personal information is written down or recorded in some way. Plaintiff's proposed class does not provide this important limitation. Thus, if there are customers from whom Defendant requested personal information but did not write, cause to be written, or otherwise record that information, those individuals have not suffered a violation of the Act. Nevertheless, they are included in Plaintiff's proposed class. Because Plaintiff's proposed class would include a large number of individuals who (even if the Court were to accept Plaintiff's allegations) have not suffered the statutory violation Plaintiff seeks to redress in this lawsuit, certification of the class is improper.

Although the Court could rest its denial of class certification on this issue alone, the Court will examine whether the requirements of Rule 23(a) have been satisfied.

///

///

///

    2. Rule 23(a)

        a. Numerosity

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   CV 11-03617 SJO (RZx)                    DATE:   November 17, 2011

Plaintiff's proposed class is: "All persons who engaged in a credit card transaction during the last one (1) year at one of Defendants' retail stores located in the State of California, and who was requested or required to provide personal identification information at the time of the credit card transaction." (SAC ¶ 11; *see generally* Mot.) Plaintiff argues that according to Defendant's own estimates, Defendant conducted approximately 798,000 credit card transactions during the class period. (Mot. 7; Decl. of Philip Engel in Supp. of Not. of Removal ("Engel Decl.") ¶ 5.) Defendant correctly points out that the Engel Declaration does not state whether any of these credit card transactions included a request for ZIP code information. Plaintiff does not present any evidence regarding the number of individuals who had their personal information requested when they attempted to consummate a credit card transaction at one of Defendant's California stores. Presumably the Court is supposed to assume that this number is large based only on the evidence of the total number of credit card transactions. Indulging in such speculation, however, does not satisfy the "rigorous analysis" the Court is instructed to undertake. Plaintiff has not made a showing of numerosity sufficient to satisfy Rule 23(a). Based on Plaintiff's evidence alone, there is nothing to suggest that the class contains anyone besides Plaintiff.

Defendant, however, provides some preliminary evidence regarding the number of credit card transactions in which ZIP code information was requested. Based on 68 "Mystery Shops" designed to evaluate employees' customer service, Defendant noted that in "82% of the transactions (which could involve either cash or a credit card) the sales associate did not request the customer's ZIP code." (Katz Decl. ¶ 10.) Although this information is presumably proffered for the purpose of showing that requesting ZIP code information is the exception rather than the rule, the information actually highlights the large number of individuals from whom Defendant did request ZIP code information. Eighteen percent of 798,000 is still over 140,000, which is more than enough to meet the numerosity requirement. Although the evidence to support the factor was provided by Defendant rather than Plaintiff, the Court finds that the numerosity prerequisite of Rule 23(a) has been satisfied.

      b. <u>Commonality</u>

The commonality prerequisite "requires the plaintiff to demonstrate that the class members have suffered the same injury." *Dukes*, 131 S. Ct. at 2251 (internal citation omitted). It is insufficient for class certification for the claims of the individual class members to raise common questions; rather, it must be shown that a class-wide proceeding could generate common answers. *Id.* The contention that is common to the class must be of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

Plaintiff alleges that common issues of law and fact are present here, as each class member's claim will require a determination of whether Defendant's "practice of requesting, requiring and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| CASE NO.:  CV 11-03617 SJO (RZx) | DATE:  November 17, 2011 |

storing [personal identifying information] in connection with credit card transactions" violated the Act.  (Mot. 8.)  To play up the commonality of issues, Plaintiff avers multiple times that Defendant had a "uniform, common course of conduct" with respect to asking for ZIP codes from customers using credit cards.  (Mot. 8.)  "Plaintiff submits that this illegal conduct of Defendant uniformly applied to all class members through transactions conducted within their stores."  (Mot. 9.)  "Defendant's requesting and recording of [personal identifying information] was conducted uniformly throughout California, and did not differ geographically."  (Mot. 9.)  "Plaintiff believes that each of the thousands of illegal transactions occurred in an identical manner that did not deviate from consumer to consumer."  (Mot. 9.)  "Defendant's common course of conduct creates a unified interest among class members in having Defendant's illegal collection of [personal identifying information] declared actionable."  (Mot. 9.)

Though long on argument, Plaintiff's Motion is short on evidence.  Not once does Plaintiff cite a fact or item of any evidentiary weight to support her contention that Defendant had a uniform policy of requesting ZIP code information (or other personal information) from its customers.  As discussed above, "Rule 23 does not set forth a mere pleading standard."  *Dukes*, 131 S. Ct. at 2551.  There is nothing before the Court to suggest that Defendant had a "common course of conduct" that it applied throughout its stores and to all its customers.  Without a showing that there was a universally-applied procedure that requested personal information from consumers, Plaintiff cannot establish the commonality requirement of Rule 23(a).

Defendant presents evidence to counter the claim that it had a uniform policy of requesting ZIP code information.  According to Defendant, since at least January of 2009, it has not required employees to request ZIP code information from consumers in connection with a sales transaction at Defendant's corporate stores.  (Katz Decl. ¶ 8.)  The store where Plaintiff conducted her purchase was not one of the corporate stores, but was rather one of the 126 franchise stores located throughout the state. (Katz Decl. ¶ 11.)  The franchise stores are independently owned and operated.  (Katz Decl. ¶ 11.)  Training of sales associates is handled at individual stores.  (Katz Decl. ¶ 9.)  Many employees, even if receiving a computer prompt for a ZIP code when conducting a credit card transaction, will bypass the prompt by pressing "ESCAPE" or entering generic numbers such as "99999" or the store's ZIP code.  (Katz Decl. ¶ 9.)  Thus, the only evidence on the record suggests that there is not a uniform policy with respect to requesting ZIP code information that was applied in an identical manner to all proposed class members.

Moreover, if the personal information is requested as opposed to required, whether there has been a violation of the Act would depend upon whether the individual consumer reasonably believed that providing his personal information was a condition of consummating the credit card transaction. *Florez*, 108 Cal. App. 4th at 451-53.  This analysis will vary with each consumer, based on factors such as when during the credit card transaction the information was requested and the exact wording of the request.  This is not a situation where "determination of [one issue's]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   CV 11-03617 SJO (RZx)                    DATE:  November 17, 2011

truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Dukes, 131 S. Ct. at 2251.[2]

The four factors listed in Rule 23(a) - numerosity, commonality, typicality, and adequacy of representation - are not factors to be weighed on a sliding scale. Rather, each is a prerequisite, and failure to satisfy even one factor results in denial of class certification. Thus, class certification is improper here, where Plaintiff has failed to demonstrate commonality.

   c.   Typicality

The typicality prerequisite requires that the named plaintiff's claims be typical of the class. Plaintiff argues that her claims are typical of the claims of the putative class members because all the claims "arise out of Defendant's common scheme, to which there are no unique defenses specific to any one class member." (Mot. 10.) As discussed above, Plaintiff has presented no evidence that there was, in fact, a "common scheme." Additionally, there **are** unique defenses specific to various class members. Particularly given the overbreadth of the class definition, Defendant can argue that individual class members gave their information voluntarily (either as part of the Gold Card program or otherwise) or that class members gave their information for shipping or delivery purposes. Because there is no evidence to suggest that different cashiers in different stores requested personal information in a uniform (or even similar) manner, Defendant can argue that in individual circumstances, the timing or wording of a request made it so that no reasonable consumer would have interpreted the request as a condition for the use of the credit card. Plaintiff has not made an adequate showing that the typicality prerequisite has been satisfied.

   d.   Adequacy of Representation

To the extent that there does exist a class of consumers whose information Defendant improperly requested as part of a credit card transaction, the Court is not convinced that Plaintiff's current counsel is capable of adequately representing that class. Plaintiff's Motion for Class Certification, drafted by Plaintiff's counsel, cites multiple times to the Ninth Circuit's decision in *Dukes v. Wal-*

---

[2] The Court does not suggest that the commonality requirement for class certification could never be met for alleged violations of the Song-Beverly Credit Card Act. If (unlike here) plaintiff proffers evidence that a defendant corporation does have a uniform policy of requesting personal information from consumers and that policy is followed as a matter of routine, the commonality requirement might be met. In the absence of any evidence suggesting that Defendant had a uniform course of conduct, however, the Court cannot conclude that the commonality requirement has been met here. Indeed, there is not even a shred of evidence to rebut the notion that Plaintiff was the **only** person in the state of California from whom Defendant requested personal information.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 11-03617 SJO (RZx)</u>          DATE:  <u>November 17, 2011</u>

*Mart, Inc.*, 509 F.3d 1168 (9th Cir. 2007).  (Mot. 7-8.)  This decision was famously reversed by the United States Supreme Court earlier this year in an opinion that received wide media coverage even outside legal circles.  Not only did Plaintiff's counsel site to the Ninth Circuit's decision in *Dukes v. Wal-Mart* for basic propositions of law unchanged by the Supreme Court decision, they cited it for the following proposition: "The commonality requirement is satisfied if the claims of the prospective class share even one central question of fact or law."  (Mot. 8.)  This was the precise point of law overruled by the Supreme Court.  *Dukes*, 131 S. Ct. at 2550-57.  Plaintiff's counsel claim to be skilled at prosecuting class actions, but appear to be unfamiliar with arguably the most influential Supreme Court decision of the past decade.  This suggests to the Court either that Plaintiff's counsel are not familiar enough with class actions to competently represent a class or that this Motion was mere boilerplate, a rote class certification motion that is updated only to fit in the facts of the particular case without checking whether the cases cited remain valid points of law.  Either way, Plaintiff's counsel have not established that they are capable of adequately representing the class.

The proposed class includes individuals who have not suffered a statutory violation. The proposed class includes individuals for whom Defendant would have individual defenses.  There is no evidence to suggest that the harm Plaintiff allegedly suffered was the consequence of a common course of conduct employed by Defendant.  Plaintiff's counsel is not adequate to represent a class.  The Court concludes that the prerequisites in Rule 23(a) have not been met.

        3.    <u>Rule 23(b)</u>

Because the prerequisites of Rule 23(a) have not been satisfied, the Court need not analyze whether, under Rule 23(b)(3), common issues of law and fact predominate over issues particular to individual class members or whether a class action is superior to other available methods for adjudicating this controversy.

III.    <u>RULING</u>

For the foregoing reasons, Plaintiff's Motion to Certify Class is **DENIED**.   Plaintiff is to proceed as an individual.  All dates previously set remain.

IT IS SO ORDERED.

                                                                                                                vpc