1  RIDOUT & LYON, LLP
   CHRISTOPHER P. RIDOUT (State Bar No. 143931)
2  Email: c.ridout@ridoutlyonlaw.com
   DEVON M. LYON (State Bar No. 218293)
3  Email: d.lyon@ridoutlyonlaw.com
   CALEB LH MARKER (State Bar No. 269721)
4  Email: c.marker@ridoutlyonlaw.com
   555 E. Ocean Blvd., Ste. 500
5  Long Beach, California  90802
   (562) 216-7380
6  (562) 216-7385 Fax

7  **Attorneys for Plaintiff**

8                **UNITED STATED DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10 NORMA ROTHMAN, individually, and          Case No.: CV11-03617 SJO (RZx)
   on behalf of all others similarly situated,  *Assigned for all purposes to the*
11                                              *Honorable S. James Otero*

12           Plaintiff,                         CLASS ACTION

13     v.

14                                              **PLAINTIFF'S NOTICE OF MOTION
                                                AND MOTION FOR
15 GENERAL NUTRITION                            RECONSIDERATION OF COURT'S
   CORPORATION a Pennsylvania                   NOVEMBER 17, 2011 ORDER
   corporation, and DOES 1-500,                 DENYING MOTION TO CERTIFY
16                                              CLASS; MEMORANDUM OF
           Defendants.                          POINTS AND AUTHORITIES**
17

18
                                                Date Action Filed: March 16, 2011
19                                              Trial Date:        April 24, 2012
                                                Courtroom:         1
20
                                                Date of Hearing:   January 3, 2012
21                                              Time:              10:00 a.m.
                                                Courtroom:         1
22

23

24     **TO THE COURT AND ALL PARTIES OF RECORD:**

25        PLEASE TAKE NOTICE THAT on Tuesday, January 3, 2012 at 10:00 a.m.,

26 or as soon thereafter as it may be heard in Courtroom 1 located at 312 N. Spring

27 Street, Los Angeles, CA 90012, before the Honorable S. James Otero, Plaintiff,

28 Norma Rothman ("Rothman" or "Plaintiff"), will and hereby does move for an order

1  for reconsideration of the Court's November 17, 2011 order denying class

2  certification.

3      Plaintiff brings this motion pursuant to Local Rule 7-18, on the grounds that

4  this Court did not consider material evidence which supports class certification.

5      Pursuant to Local Rule 7-3, and more fully stated in the accompanying

6  Declaration of Christopher P. Ridout, the parties have met and conferred

7  telephonically regarding this motion. The most recent conversation took place on

8  November 18, 2011. The parties could not reach a resolution to the issues raised in

9  this Motion.

10     Plaintiff bases this Motion on this Notice, the Memorandum of Points and

11  Authorities filed herewith, the Declaration of Christopher P. Ridout, the pleadings

12  and papers on file herein and on such other matters as the parties may present to the

13  Court at the time of the hearing.

14

15                              Respectfully submitted,

16                              RIDOUT & LYON, LLP

17

18  Dated: November 29, 2011      By:    /s/ Christopher P. Ridout
                                         Christopher P. Ridout, CA Bar No. 143931
19                                       Devon M. Lyon, CA Bar No. 218293
                                         Caleb LH Marker, CA Bar No. 269721
20                                       555 E. Ocean Boulevard, Suite 500
                                         Long Beach, CA  90802
21                                       (562) 216-7380 Telephone
                                         (562) 216-7385 Fax
22
                                         **Attorneys for Plaintiffs**
23

24

25

26

27

28

Table of Contents

1

## Table of Authorities

2

3
**Cases**

4
*Ballard v. Equifax Check Servs., Inc.,* 186 F.R.D. 589, 600 (E.D. Cal. 1999)............ 9

5
*Blackie v. Barrack,* 524 F.2d 891, 902 (9th Cir. 1975)................................. 12

6
*Florez v. Linen 'N Things,* 108 Cal.App.4th at 447 ..................................... 8

7
*Lamumba Corp. v. City of Oakland,* 2007 WL 3245282, at *5 (N.D. Cal., November

8
2, 2007) ......................................................................... 11

9
*Misra v. Decision One Mortgage Company, LLC* 2008 WL 7242774 (C.D. Cal.)... 10

10
*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 527-28 ....................... 8, 9

11
*Seig v. Yard House* 2007 WL 6894503 (C.D. Cal.).................................... 10

12
*Verner v. Swiss II, LLC* 2010 WL 99084 (C.D. Cal.)................................. 10

13
**Statutes**

14
28 U.S.C. §§1453(b) ............................................................. 6

15
28 U.S.C. §§1332(d) ............................................................. 6

16
Civil Code § 1747 .............................................................. 6

17
**Rules**

18
Local Rule 23-3 ............................................................. 7, 14

19
Local Rule 7-3 ................................................................. 6

20
Local Rule 7-18 ................................................................ 8

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   INTRODUCTION

Plaintiff, Norma Rothman ("Rothman" and/or "Plaintiff") respectfully seeks reconsideration of this Court's November 17, 2011 Order Denying Motion to Certify Class (the "Order"). (Docket #46.)  In denying Plaintiff's Motion for Class Certification, this Court did not consider, and could not have considered, material evidence that supports class certification.  In this regard, the Order, issued just one (1) hour and twenty-one (21) minutes following the electronic filing of Plaintiff's Reply memorandum (Docket #44), was electronically filed *before* confidential evidence demonstrating numerousity, commonality, and typicality could be manually lodged with this Court.[1]  Moreover, because this material evidence was not produced by Defendant, General Nutrition Corporation ("GNC") until a date *after* the filing of her motion to certify class, Plaintiff was not able to proffer this evidence to this Court for consideration until the filing of her reply memorandum.

Finally, class counsel's citation to the Ninth Circuit's decision in *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168 (9th Cir. 2007) was a result of an inadvertent mistake made as a result of counsel's efforts to comply with the strict (and somewhat ambiguous) time parameters set forth in Local Rule 23-3.

Accordingly, Plaintiff respectfully submits that this Court grant this Motion for Reconsideration.

## II.  PROCEDURAL BACKGROUND

On March 16, 2011, Plaintiff filed her complaint in California Superior Court against GNC alleging among other claims violation of the Song-Beverly Credit Card Act of 1971 ("Song-Beverly" or "the Act"), Civil Code § 1747 *et seq.*

---

[1] This Court determined that the numerousity prerequisite of Rule 23(a) was satisfied.  (Docket #46 at p.6.)

On April 27, 2011, Defendant filed its Notice of Removal to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b).

On May 4, 2011, and pursuant to Local Rule 7-3, the parties met and conferred regarding the claims set forth in Plaintiff's complaint. As a result of this meet and confer, Plaintiff agreed to file an amended complaint.

On May 27, 2011, Plaintiff filed her First Amended Complaint. (Docket #7.)

On June 8, 2011 and June 9, 2011, and pursuant to Local Rule 7-3, the parties met and conferred regarding the claims set forth in Plaintiff's First Amended Complaint. In this regard, Defendant requested that Plaintiff amend her operative complaint to include additional information regarding the subject transaction giving rise to Plaintiff's claims of violation of the Act. Rather than to engage in unnecessary law and motion, Plaintiff agreed to file a Second Amended Complaint.

On June 22, 2011, this Court entered its "Order re Stipulation to File Second Amended Complaint and Establish Responsive Date." (Docket #15.) In addition to granting leave to file a Second Amended Complaint, this order set forth that "the date of the filing of the Second Amended Complaint will provide the operative date for filing a Motion for Class Certification pursuant to Local Rule 23-3." (Docket #15 at 1:24-28.)

On June 29, 2011, Plaintiff filed her Second Amended Complaint. (Docket #18.) Accordingly, pursuant to this Court's June 22, 2011 Order, the deadline within which to file the motion for certification was September 29, 2011.

On July 6, 2011, Defendant filed its Answer to Complaint. (Docket #19.)

On July 11, 2011, this Court conducted a Scheduling Conference. (Docket #21.) During the Scheduling Conference, this Court inquired whether the filing of the Second Amended Complaint was an attempt to extend the deadline set forth in

Local Rule 23-3.[2]  (Docket #22 at 4:6-7.)  Counsel for Plaintiff responded, "[a]bsolutely not." (Docket #22 at 4:8.)  The Court confirmed that the deadline within which to file the motion for certification was September 29, 2011. (Docket #22 at 11:12-17.)

On August 17, 2011, Plaintiff served Defendant with Interrogatories and Requests for Production of Documents.  (Declaration of Christopher P. Ridout ("Decl. of Ridout") at Exhibits "A" and "B," respectively.)  This discovery was narrowly tailored to address Defendant's policies and practices regarding the request and recordation of Personal Identification Information ("PII").

On September 16, 2011, Defendant served its Answers to Interrogatories, and its Responses to Requests for Production of Documents.  (Decl. of Ridout at Exhibits "C" and "D" respectively.)  Defendants refused to produce any documents responsive to Plaintiff's requests until this Court had entered a Protective Order. (Decl. of Ridout at ¶6.)

On September 22, 2011, the parties submitted to this Court a Stipulation for Protective Order. (Docket #24.)

On September 29, 2011, Plaintiff filed a motion to certify a class on behalf of herself and the putative class as defined in the Second Amended Complaint. (Docket #25.)  As a professional courtesy to counsel for Defendant, Plaintiff set the hearing date for this motion so that Defendant had the opportunity to take the deposition of Plaintiff in advance of the due date for filing its opposition. (Decl. of Ridout at ¶7.)

On September 30, 2011, the Magistrate Judge denied the parties' proposed Stipulation Protective Order. (Docket #26.)

---

[2] Local Rule 23-3 provides, in part: "Within 90 days after service of a pleading purporting to commence a class action…, the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."

On October 10, 2011, Defendant submitted to the Magistrate Judge a revised proposed Stipulation for Protective Order which covered the specific documents to be produced by Defendant. (Docket #27.)

On October 11, 2011, the Magistrate Judge entered the revised Stipulated Protective Order. (Docket #28.)

On October 14, 2011, Defendants produced documents bearing Bate numbers to GNC000001-GNC002091. (Decl. of Ridout at ¶8.)

On November 17, 2011, at 12:25 pm PST, Plaintiff filed her Reply in Support of Motion to Certify Class. (Docket #44.) Having been marked "CONFIDENTIAL" by Defendants pursuant to the Protective Order, Exhibits "A," "B," and "C" could not be filed electronically with this Court. Accordingly, these documents were to be lodged manually with the Court.

On November 17, 2011, at 1:46 pm PST, this Court issued its Order Denying Motion to Certify Class. (Docket #46.)

On November 17, 2011, at 3:05 pm PST, Exhibits "A," "B" and "C" were lodged with this Court under seal pursuant to the terms of the Protective Order. (Docket #47; Decl. of Ridout at ¶9, Exhibit "E".)

### III.  ARGUMENT

**A.**  **This Court Failed to Consider Material Facts Presented That Demonstrate Defendant's Policy of Collecting ZIP Codes From Its Customers**

United States District Court for the Central District of California Local Rule 7-18 provides in part:

"A motion for reconsideration of the decision on a motion may be made only on the grounds of (a)..., or (b)..., or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."

### 1.   The Order

This Court repeatedly noted in its Order that Plaintiff failed to proffer evidence in support of her claim that Defendant had engaged in a common course of conduct requesting and recording of consumers' PII in violation of the Act. Specifically, although it identified that the numerousity requirement of Rule 23(a) had been satisfied, the Court ruled, in part, that the commonality and typicality requirements were unsupported by evidence.

#### a.   Commonality

On commonality, this Court appears to rely solely on Plaintiff's initial memorandum of points and authorities ruling, in part:

> "There is nothing before the Court to suggest that Defendant has a 'common course of conduct" that it applied throughout its stores and all its customers.  Without a showing that there was a universally-applied procedure that requested personal information from consumers, Plaintiff cannot establish the commonality requirement of Rule 23(a)." (Docket #46 at 7.)

This Court further noted, in part: "If (unlike here) plaintiff proffers evidence that a defendant corporation does have a uniform policy of requesting personal information from customers and that policy is followed as a matter of routine, the commonality might be met." (Docket #46 at FN 2.)

#### b.   Typicality

Similar to its analysis regarding the commonality requirement, this Court ruled in part: "As discussed above, Plaintiff has presented no evidence that there was, in fact, a 'common scheme.'" (Docket #46 at p. 8.)

### 2.   The Subject Evidence

Following the filing of the initial motion to certify class, and following the entry of the Protective Order, Defendant produced thousands of pages of documents

responsive to Plaintiff's discovery.  Among the documents produced by Defendant were three respective manuals: a Retail Operations Manual; a Point of Sale Register Manual; and a Franchise Operations Manual. (*See* Exhibits "A," "B" and "C" to the Supp. Decl. of Ridout.) (Docket #47.)   Each of these manuals were marked "CONFIDENTIAL," and filed manually in support of Plaintiff's reply brief in support of certification. (Docket #45.) Notably, this Court issued its Order prior to the time that these manuals were lodged with the Court.

### a.   Exhibit "A"-GNC's Retail Operations Manual

The Retail Operations Manual identifies Defendant's policy of requesting and recording ZIP codes in connection with credit card transactions.  (*See* Supp. Decl. of Christopher P. Ridout at ¶5.) (Docket #44, 2.)  This manual stressed that employees were to understand what "the consequences" were if the policies were not followed. (*Id.* at Exhibit A (filed under seal), p. 4-1.)

### b.   Exhibit "B"-GNC's Point of Sale Register Manual

The Point of Sale Register Manual confirms that Defendant's POS registers are programmed to prompt employees to request and record customers' ZIP codes *in connection with each and every credit card transaction*.  (*Id.* at ¶6.) (Docket #44, 2.)  This manual explains the screen prompt that appears on the POS register monitor that requests the customer's ZIP code, and provides specific instructions regarding the use of that specific prompt.  (*Id.* at Exhibit B (filed under seal).)

### c.   Exhibit "C"-GNC's Franchise Operations Manual

The Franchise Operations Manual specifically requires franchise stores to purchase POS registers from GNC and requires strict adherence to GNC's POS register programming guidelines.  Similar to the Retail Operations Manual, this manual also stressed that franchise employees were to understand what "the consequences" were if the policies were not followed. (*Id.* at Exhibit A (filed under seal), p. 4-1 and Exhibit C (filed under seal).)

///

3.    **This Court Could Not Have Considered the Subject Evidence As it Issued Its Order Prior to the Receipt of the Manually Filed Documents**

This Court set September 29, 2011 as the deadline within which Plaintiff was to file her motion to certify class.

Defendant did not produce documents responsive to Plaintiff's written discovery until October 14, 2011, only after the Magistrate Judge had entered the Protective Order.  Documents included within those produced were three respective manuals: a Retail Operations Manual; a Point of Sale Register Manual; and a Franchise Operations Manual.

On November 17, 2011, at 12:25 pm PST, Plaintiff filed her Reply in Support of Motion to Certify Class.  (Docket #44.)  Having been marked "CONFIDENTIAL" by Defendants pursuant to the Protective Order, the Retail Operations Manual; the Point of Sale Register Manual; and the Franchise Operations Manual, marked as Exhibits "A," "B" and "C" to the Declaration of Ridout, respectively, could not be filed electronically with this Court.

On November 17, 2011, at 1:46 pm PST, this Court issued its Order Denying Motion to Certify Class.  (Docket #46.)

On November 17, 2011, at 3:05 pm PST, Exhibits "A," "B" and "C" were lodged with this Court under seal pursuant to the terms of the Protective Order.  (Docket #47; Decl. of Ridout at ¶9.)

As the Retail Operations Manual; the Point of Sale Register Manual and the Franchise Operations Manual, were not lodged with this Court until only after the issuance of its Order, Plaintiff respectfully submits that this Court could not have considered the proffered Retail Operations Manual, Point of Sale Register Manual and Franchise Operations Manual in connection with its Order.

/ / /

/ / /

1        **4.**     **The Subject Evidence is Material to Defendant's Violation of**

2                      **the Song-Beverly Act**

3        The subject evidence is material to the issues addressed by this Court in its

4 Order, specifically as to the commonality and typicality requirements of Rule 23(a).

5 In this regard, this Court properly identified that: "Under the Act, corporations may

6 not 'request or require' any 'personal identification information' from a consumer

7 'as a condition to accepting the credit card as payment in full for goods and services'

8 and then cause that personal identification information to be 'written, or otherwise

9 record[ed]." (Docket #46 at p.2; *see also* Cal. Civ. Code § 1747.08(a)(2).) This is

10 consistent with the California Supreme Court's unanimous decision in *Pineda* which

11 held that "requesting and recording a cardholder's zip code, without more, violates

12 the [California] Credit Card Act." (*Pineda v. Williams-Sonoma Stores, Inc.* (2011)

13 51 Cal.4th 527-28.) "The legislative history of [the Act] in general, and section

14 1747.08 in particular, demonstrates the Legislature intended to provide robust

15 consumer protections by prohibiting retailers from soliciting and recording

16 information about the cardholder that is unnecessary to the credit card transaction."

17 (*Pineda*, 535-36.) In *Pineda*, the California Supreme Court specifically considered

18 that the statute was amended to prohibit a "request" for personal identification

19 information (in addition to the original prohibition on "requiring as a condition to

20 accepting the credit card") to avoid the very defense asserted here:

21
22          [T]he 1990 version of former section 1747.8 forbade businesses from
         "requir[ing] the cardholder, as a condition to accepting the credit card, to

23          provide personal identification information... ." (Stats. 1990, ch. 999, § 1, p.
         4191.) In 1991, the provision was broadened, forbidding businesses from

24          "[r]equest[ing], or requir[ing] as a condition to accepting the credit card..., the
         cardholder to provide personal identification information... ." (Stats. 1991, ch.

25          1089, § 2, p. 5042, italics added.) "The obvious purpose of the 1991
         amendment was to prevent retailers from 'requesting' personal identification

26          information and then matching it with the consumer's credit card number."
         (*Florez v. Linen 'N Things*, 108 Cal.App.4th at 453.) "[T]he 1991 amendment

27          prevents a retailer from making an end-run around the law by claiming the
         customer furnished personal identification data 'voluntarily.' "(*Ibid.*) That the

28          Legislature so expanded the scope of former section 1747.8 is further evidence
         it intended a broad consumer protection statute.

1    *Pineda*, 51 Cal.4th at 534-535.

2           Defendant belatedly produced the Retail Operations Manual, Point of Sale

3    Register Manual and Franchise Operations Manual, which are material to the issues

4    addressed by this Court in its Order, specifically as to the commonality and typicality

5    requirements of Rule 23(a).  First, Defendant's Retail Operations Manual identifies

6    its policy of requesting and recording ZIP codes in connection with all credit card

7    transactions. (*See* Supplemental Declaration of Christopher P. Ridout ("Supp. Decl.

8    of Ridout") at ¶5, Docket #44, 2.)  The Operations Manual further requires that

9    employees understand "the consequences" of failing to adhere to the policies and

10   procedures.  (*Id.*)

11          Second, pursuant to the policies espoused in Defendant's Point of Sale

12   Register Manual, Defendant's POS registers are specifically programmed to prompt

13   users to request and record customers' ZIP codes *in connection with each and every*

14   *credit card transaction*. (*Id.* at ¶6 (Docket #44, 2).)  This manual explains the

15   prompt that appears on the POS register screen and promotes uniformity amongst

16   employees to obtain PII from each of their customers.

17          Third, the Franchise Operations Manual specifically requires franchise stores

18   to purchase POS registers from GNC and requires strict adherence to GNC's POS

19   register programming guidelines.  Similar to the Retail Operations Manual, franchise

20   employees were to understand what "the consequences" were if the policies were not

21   followed. (*Id.* at p. 4-1)  Therefore, it is of no consequence that Plaintiff may have

22   been subjected to Defendant's policy at a franchised store, as all GNC franchise

23   operators must comply with all GNC POS operating guidelines. (*Id.* at ¶ 7.)

24          In consideration of the foregoing, Plaintiff respectfully submits that

25   Defendant's Retail Operations Manual, the Point of Sale Register Manual, and the

26   Franchise Operations Manual specifically demonstrate that Defendant had, in fact,

27   engaged in a common course of conduct of requesting and recording consumers' PII

28

1   in violation of the Act, and that the commonality and typicality requirements of Rule

2   23(c) have been satisfied.

### 5.   Counsel Respectfully Submits That They Are Adequate to Represent the Class

Local Rule 23-3 specifically states "[w]ithin 90 days after *service* of a pleading purporting to commence a class action…, the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." (Emphasis added.)  This Local Rule has been subject to multiple interpretations including, but not limited to, those of this Court.[3] (*See Verner v. Swiss II*, LLC 2010 WL 99084 (C.D. Cal.); *Seig v. Yard House* 2007 WL 6894503 (C.D. Cal.); *Misra v. Decision One Mortgage Company, LLC* 2008 WL 7242774 (C.D. Cal.).)[4]

This action was filed on March 14, 2011, and thereafter removed to District Court on April 27, 2011.  Due to the strict time restrictions set forth in Local Rule 23-3, class counsel internally calendared periodic dates within which to draft Plaintiff's motion to certify to ensure compliance with Local Rule 23-3. These dates predated the United States Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, ---U.S.---131 S.Ct.2541, 2551 (2011), which was issued on June 20, 2011. (*See* Decl. of Ridout at ¶10.)  In an abundance of caution, counsel for Plaintiff began drafting their motion for certification well before the earliest date that could be argued to trigger the 90 day time limitation in Local Rule 23-3, or June 24, 2011 (90 days from the service of the original complaint). (*Id.*)  Although the parties eventually stipulated to extend the Local Rule 23-3 deadline to a date beyond that on which the Supreme Court's ruling in *Dukes* was issued, due to an oversight the prior

---

[3] *See* Docket #22 at 4:17 19.

[4] This Court suggested that the filing of a Second amended Complaint was an attempt to side-step the requirements of Local Rule 23-3.

cites to the Ninth Circuit decision remained in the brief that was ultimately filed with this Court. (*Id.*)

Class Counsel submits that the citation of the Ninth Circuit's decision in *Dukes v.Wal-Mart.,* 509 F.3d 1168 (9th Cir. 2007) was a result of an inadvertent mistake made as a result of counsel's efforts to comply with the strict time parameters set forth in Local Rule 23-3. (Decl. of Ridout at ¶10.) Counsel sincerely apologies to this Court and counsel for Defendant for any confusion caused as a result of this inadvertent mistake  (*Id.*)

Finally, as further evidence of the adequacy of counsel, counsel has attached orders issued by other United States District Court Judges approving the adequacy of counsel. (Decl. of Ridout at ¶11, 12 and 13 Exhibits "F," "G," and "H.")

**B.    This Court Has Discretion to Alter an Inadequate Class Definition**

This Court has the discretion to alter an inadequate class definition. (*Lamumba Corp. v. City of Oakland,* 2007 WL 3245282, at *5 (N.D. Cal., November 2, 2007).) In its Order, this Court noted that the Proposed Class that Plaintiff sought to certify would include individuals who have not suffered a violation of the Act. (*See* Order at 4-5.)

Subject to any additional tailoring by this Court, Plaintiff submits that the following class definition would exclude the groups of proposed class members Defendants have identified an exemption for:

> "All persons who engaged in a credit card transaction during the last
> one year at one of Defendant's retail stores located in the State of
> California during which their ZIP code was required or requested, and
> was recorded by Defendants manually or electronically. Excluded
> from this definition are all transactions wherein a person's ZIP code
> was provided in connection with enrollment in Defendant's "Gold
> Card" program at the time of the transaction, or wherein a person's

1   ZIP code was provided in connection to the Defendant's shipping or

2   delivering any goods or services."

3   **C.     Plaintiff's Claims Satisfy The Threshold Requirements for Class**

4   **Certification Under Rule 23(b)(3)**

5   In its Order Denying Motion To Certify Class (Docket #46), this Court noted

6   that in light of its rulings regarding Rule 23(a), it need not analyze whether threshold

7   requirements exist under Rule 23(b)(3). (Docket #46 at p. 9.) Plaintiff submits that

8   the above referenced confidential evidence demonstrating numerousity,

9   commonality, and typicality, also demonstrates that common issues predominate

10  under Rule 23(b)(3).

11  Questions that are common to the class predominate over individual questions

12  where a plaintiff alleges a common course of conduct of misrepresentations,

13  omissions, and other wrongdoing that affected all the class members in the same or

14  similar manner. (*Blackie v. Barrack,* 524 F.2d 891, 905-908 (9th Cir. 1975), *cert.*

15  *denied,* 429 U.S. 816 (1976).) Moreover, differences among class members

16  concerning the amount of their individual damages, which are unavoidable in class

17  action litigation, do not prevent a claim from proceeding as a class action. (*Id.*)

18  In this matter, common issues of law and fact readily predominate. The

19  gravamen of the Plaintiff's action, Defendant's illegal request and recording of PII in

20  connection with credit card transactions, hinges on uniform theories of liability and

21  arises from a common and uniform set of facts. First, Defendant's Retail Operations

22  Manual identifies its policy of requesting and recording ZIP codes in connection

23  with all credit card transactions. (*See* Supplemental Declaration of Christopher P.

24  Ridout ("Supp. Decl. of Ridout") at ¶5, Docket #44, 2.) The Operations Manual

25  further requires that employees understand "the consequences" of failing to adhere to

26  the policies and procedures. (*Id.*)

27  Second, pursuant to the policies espoused in Defendant's Point of Sale

28  Register Manual, Defendant's POS registers are specifically programmed to prompt

1  users to request and record customers' ZIP codes *in connection with each and every*

2  *credit card transaction.* (*Id.* at ¶6 (Docket #44, 2).)  This manual explains the

3  prompt that appears on the POS register screen and promotes uniformity amongst

4  employees to obtain PII from each of their customers.

5        Third, the Franchise Operations Manual specifically requires franchise stores

6  to purchase POS registers from GNC and requires strict adherence to GNC's POS

7  register programming guidelines.  Similar to the Retail Operations Manual, franchise

8  employees were to understand what "the consequences" were if the policies were not

9  followed. (*Id.* at p. 4-1)  Therefore, it is of no consequence that Plaintiff may have

10  been subjected to Defendant's policy at a franchised store, as all GNC franchise

11  operators must comply with all GNC POS operating guidelines. (*Id.* at ¶ 7.)

12        Resolution of Defendant's liability to one class member will provide resolution

13  for all class members.

## IV. CONCLUSION

15        In consideration of the foregoing, Plaintiff submits that this motion for

16  reconsideration of this Court's Order be granted in its entirety.

Respectfully submitted,

RIDOUT & LYON, LLP

Dated: November 29, 2011    By:   /s/ Christopher P. Ridout
Christopher P. Ridout, CA Bar No. 143931
Devon M. Lyon, CA Bar No. 218293
Caleb LH Marker, CA Bar No. 269721
555 E. Ocean Boulevard, Suite 500
Long Beach, CA  90802
(562) 216-7380 Telephone
(562) 216-7385 Fax
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

RE:    **ROTHMAN v. GENERAL NUTRITION CORPORATION (CV11-03617 SJO (RZx))**

      I certify that on November 29, 2011, I caused to be served a true and correct copy of the document:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF COURT'S NOVEMBER 17, 2011 ORDER DENYING MOTION TO CERTIFY CLASS; MEMORANDUM OF POINTS AND AUTHORITIES**

      upon all parties by ECF Notification of Filing to the following address(es):

| | |
|---|---|
| Susan L. Germaise, Esq.<br>sgermaise@mcguirewoods.com<br>**MCGUIREWOODS, LLP.**<br>1800 Century Park East, 8th Floor<br>Los Angeles, CA  90067<br>(310) 315-8200<br>(310) 315-8210 Facsimile<br><br>ATTORNEYS FOR DEFENDANT,<br>**GENERAL NUTRITION CORPORATION** | Brad A. Funari, Esq.<br>bfunari@mcguirewoods.com<br>McGuire Woods, 625 Liberty Ave., 23rd Floor<br>Pittsburgh, PA 15222<br>(412) 667-7988<br><br><br>ATTORNEYS FOR DEFENDANT,<br>**GENERAL NUTRITION CORPORATION** |

                                                 /s/ Christopher P. Ridout
                                            CHRISTOPHER P. RIDOUT